**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Beverly A. Jeter,<br><br>    Plaintiff,<br><br>vs.<br><br>Hozhoni Foundation,<br><br>    Defendant. | No. CV-13-8173-PCT-LOA<br><br>**ORDER** |

**I. Background**

*Pro se* Plaintiff commenced this ADEA lawsuit on July 5, 2013. (Doc. 1)  On the same day, the case was randomly assigned to the undersigned Magistrate Judge. (Doc. 3) On July 22, 2013, Plaintiff voluntarily consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c). (Doc. 5)  The next day, the Court issued a screening order, directing that, if she intended to continue with this lawsuit, Plaintiff must file an amended complaint on or before Friday, August 9, 2013, that demonstrates federal subject-matter jurisdiction on its face; alleges plausible claims upon which relief may be granted; attaches either the Equal Employment Opportunity Commission's ("EEOC") right-to-sue letter or alleges the date she received the EEOC notice to determine whether this lawsuit was filed within the limitations period identified in the EEOC notice; is consistent with the Court's July 23, 2013 Order; and complies with the District Court of Arizona's Local Rules. (Doc. 6)

When an unrepresented plaintiff, as here, is proceeding *in forma pauperis*, a district court is required to screen the complaint and must dismiss the case at any time if the court determines that the allegation of poverty is untrue, or the action or appeal is frivolous or

malicious, the complaint fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). (Doc. 2)  Title 28 U.S.C. § 1915(e) "not only permits but requires" a district court to *sua sponte* dismiss an IFP complaint that fails to state a claim. *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (*en banc*); *see also Street v. Arizona*, 2011 WL 206143, at *1 (D. Ariz. Jan. 20, 2011).

A district court's inherent authority to dismiss an action or sanction parties for failing to comply with its orders exists, in part, to prevent "disobedience [of] the orders of the Judiciary, regardless of whether such disobedience interfered with the conduct of trial." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991) (quoting *Young v. United States ex rel. Vuitton et Fils, S.A.*, 481 U.S. 787, 798 (1987)) (internal quotation marks omitted). "Dismissal of the complaint for failure to comply with the rules [is] within the court's discretion." *Sergio Bautista et al. v. Los Angeles County*, 216 F.3rd 837, 841 (9th Cir. 2000) (citing *Original Ballet Russe, Ltd. v. Ballet Theatre, Inc.*, 133 F.2d 187, 188 (2nd Cir. 1943)); *Anheuser-Busch, Inc. v. Natural Beverage Distribs.*, 69 F.3d 337, 348 (9th Cir. 1995) (The public interest "in expeditious resolution of litigation," a court's need to manage its docket, the risk of prejudice to an adverse party for the failure to comply with court orders, the public policy favoring disposition on the merits, the availability of lesser sanctions, the bad faith of a non-compliant party, and the relationship between improper conduct and the case's merits warrant the consideration of sanctions); *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984).

The Civil Justice Reform Act of 1990 ("CJRA"), 28 U.S.C. § 471 *et seq.*, mandates the early and on-going judicial management of the pretrial process. Under the CJRA mandate, "[f]ederal trial courts are now required, by statute, to implement techniques and strategies designed to dispose of cases in an efficient and inexpensive manner." *Schwarzkopf Technologies Corp. v. Ingersoll Cutting Tool Co.*, 142 F.R.D. 420, 423 (D. Del. 1992). Additionally, federal judges "are subject to the injunction of Rule 1 [Federal Rules of Civil Procedure] that [the Rules] 'be construed to secure the just, *speedy* and *inexpensive*

1 determination of every action.'" *Herbert v. Lando*, 441 U.S. 153, 177 (1979) (emphasis in
2 original).

3 **II. Discussion**

4      On August 12, 2013, Plaintiff filed an untimely document which looks more like a
5 letter, handwritten in a legible narrative format, rather than the usual and customary form for
6 a complaint or amended complaint. It fails to allege"[c]laims . . . in numbered paragraphs,
7 each limited as far as practicable to a single set of circumstances[,]" as required by Rule
8 10(b), Fed.R.Civ.P. *See also Pryzblyski v. Stumpf*, 2011 WL 31194, at *4 (D. Ariz. Jan. 5,
9 2011). Plaintiff was provided examples of different types of complaints demonstrating the
10 proper form for a complaint and where those forms may be located. Despite the Court's
11 directive that the amended complaint's caption should be similar to that in the July 23, 2013
12 Order or the one located at Appendix C at the end of District Court's Local Rules, Plaintiff's
13 narrative letter, generously construed as an amended complaint, does not contain a caption
14 required by Rule 10(a), Fed.R.Civ.P. ("Every pleading must have a caption with the court's
15 name, a title, a file number, and a Rule 7(a) designation[.]"). Additionally, Plaintiff's
16 amended complaint does not identify the statutory basis for the District Court of Arizona's
17 subject-matter jurisdiction, required by Rule 8(a)(1), Fed.R.Civ.P., to adjudicate this lawsuit
18 even though the Court's July 23, 2013 Order educated Plaintiff in this regard.

19      As directed, Plaintiff did attach a copy of the EEOC's right-to-sue letter and its
20 Dismissal and Notice of Rights, which informed Plaintiff she must file a lawsuit within 90
21 days of her receipt of the notice, or her right to sue on the EEOC charge would be lost. (Doc.
22 7 at 2-3)  The EEOC notice documents indicate they were mailed to Plaintiff on April 4,
23 2013. (*Id.*)  Plaintiff's amended complaint, however, does not allege that her original July
24 5, 2013 complaint was filed timely, offer any evidence or allegation when she received the
25 notice, or allege any facts to support an argument that estoppel or equitable tolling would toll
26 the limitation period if the original complaint was filed beyond the 90-day deadline.

27      Title 29 U.S.C. § 626(e) provides a 90-day window for filing a lawsuit after receipt
28 of the right-to-sue letter from the EEOC:

> A civil action may be brought under this section by a person defined in section 630(a) of this title against the respondent named in the charge within 90 days after the date of the receipt of such notice.

The 90-day period is a statute of limitations. *Scholar v. Pac. Bell*, 963 F.2d 264, 266-67 (9th Cir. 1992). If an ADEA claimant does not file her action within this 90-day period, the action is barred unless the principles of estoppel or equitable tolling apply. *Id.*; *see also Surrell v. California Water Services*, 518 F.3d 1097, 1104 (9th Cir. 2008). The 90-day filing requirement is mandatory and jurisdictional, and, absent any exceptions, the failure to file suit within the 90-day time period will result in a finding that the charge is time-barred. *Mitchell v. Los Angeles Community College Dist.*, 861 F.2d 198, 202 (9th Cir. 1988).

Ninety days after April 4, 2013, was Independence Day, July 4, 2013, a legal holiday, resulting in an automatic extension of the last day to timely file the complaint to Friday, July 5, 2013. *See* Rule 6(a)(1)(C), Fed.R.Civ.P. The District Court's docket reflects the Complaint was filed on July 5, 2013. (Doc. 1)  Assuming Plaintiff received the notice, mailed from the EEOC office in Phoenix to Plaintiff's P.O. Box in Prescott, the day after it was mailed, which is unusually fast, the Complaint was filed timely.[1]

Even though the Court concludes this action was filed timely under 29 U.S.C. § 626(e), Plaintiff has failed to state a plausible claim under the Age Discrimination in Employment Act ("ADEA").  As the Court explained at length in its July 23, 2013 Order, it is unlawful for an employer "[t]o discharge any individual or otherwise discriminate against any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a) (1). (Doc. 6 at 5)  In

---

[1] When the date on which a right-to-sue letter was actually received is either unknown or disputed, the Ninth Circuit and other federal courts have presumed receipt three days after the letter was mailed. *See Payan v. Aramark Mgmt. Services Ltd. P'ship*, 495 F.3d 1119, 1122-1125 (9th Cir. 2007) (when the actual date of receipt of an EEOC right-to-sue letter is unknown but receipt itself is not disputed, the letter is presumed to have been mailed on its issuance date and received three days later); *Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 148 n. 1 (1984) (presuming the plaintiff received a right-to-sue letter three days after delivery based upon former Rule 6(e), Fed.R.Civ.P., which is currently Rule 6(d)).

1 order to establish a *prima facie* case of age discrimination before the 2009 *Gross* decision, 2 Plaintiff must show that "(1) [s]he is a member of a protected class; (2) [s]he was qualified 3 for his position; (3) [s]he experienced an adverse employment action; and (4) similarly 4 situated individuals outside his protected class were treated more favorably, or other 5 circumstances surrounding the adverse employment action give rise to an inference of 6 discrimination." *Whitman v. Mineta*, 541 F.3d 929, 932 (9th Cir. 2008) (citing *Peterson v.* 7 *Hewlett–Packard Co.*, 358 F.3d 599, 603 (9th Cir. 2004)). After *Gross v. FBL Financial* 8 *Services, Inc*., 557 U.S. 167 (2009), however, a plaintiff alleging age discrimination in 9 violation of the ADEA must plead that age is the 'but for' cause of the adverse employment 10 action." *Brazill v. California Northstate College of Pharmacy*, LLC, 904 F.Supp.2d 1047, 11 1051 (E.D. Cal. 2012) (citations omitted). "In *Gross*, the Court held that the ADEA does not 12 authorize a mixed-motives age discrimination claim." *Id*. (citation omitted). "Instead, a 13 plaintiff must prove that 'but for' the plaintiff's age the employer would not have taken the 14 adverse action." *Id*. (citation omitted). *See also Shelley v. Geren*, 666 F.3d 599, 607 (9th Cir. 15 2012); *Sims v. MVM, Inc*., 704 F.3d 1327, 1333 (11th Cir. 2013) (citations omitted).

16 Plaintiff was informed that "a plaintiff's obligation to provide the 'grounds' of h[er] 17 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation 18 of a cause of action's elements will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 19 (2007). "Factual allegations must be enough to raise a right to relief above the speculative 20 level . . . ." (*Id*.) "[A] complaint must contain sufficient factual matter, accepted as true, to 21 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 22 (2009) (quoting *Twombly*, 550 U.S. at 570). A claim is plausible "when the plaintiff pleads 23 factual content that allows the court to draw the reasonable inference that the defendant is 24 liable for the misconduct alleged." *Id*.

25 The Court finds that Plaintiff has failed to allege facts sufficient to state a claim for 26 age discrimination. Assuming *arguendo* Plaintiff's amended complaint alleges a *prima facie* 27 case of age discrimination on the other elements, Plaintiff's claim fails as a matter of law 28 because she has not alleged that, "but for" her age, her employment would not have been

1  terminated. In other words, "[a] complaint must contain sufficient factual matter, accepted
2  as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678
3  (quoting *Twombly*, 550 U.S. at 570). Plaintiff has not alleged a plausible ADEA claim"that
4  allows the court to draw the reasonable inference that the defendant is liable for the
5  misconduct alleged." *Id*. The Supreme Court in *Gross* held unequivocally that "a plaintiff
6  bringing a disparate-treatment claim pursuant to the ADEA must prove, by a preponderance
7  of the evidence, that age was the 'but-for' cause of the challenged adverse employment
8  action." 557 U.S. at 180. There is no allegation in the amended complaint that "but for" her
9  age, Plaintiff's employment would not have been terminated. In fact, the amended complaint
10 raises, at best, mixed motives for the Defendant's termination of Plaintiff's employment as
11 it alleges she "was fired on 6/23/11 for not having a June monthly inventory done . . . ."
12 (Doc. 7 at 1) After *Gross*, a complaint's allegations of mixed-motives as the basis for an
13 employer's alleged wrongful termination of an at-will employee's job fail to state a plausible
14 ADEA claim.

## III. Conclusion

16 *Pro se* Plaintiff was forewarned that even though her pleadings are held to a less
17 stringent standard than those prepared by attorneys, *Rand v. Rowland*, 154 F.3d 952, 957
18 (9th Cir. 1998) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)), *pro se* litigants must
19 "abide by the rules of the court in which [s]he litigates." *Carter v. Commissioner of Internal*
20 *Revenue*, 784 F.2d 1006, 1008 (9th Cir. 1986). (Doc. 6 at 2) *Pro se* litigants "must meet
21 certain minimal standards of pleading." *Ticktin v. C.I.A.,* 2009 WL 976517, at *4 (D. Ariz.
22 April 9, 2009) (citation omitted). "A *pro se* complaint that . . . fails to plainly and concisely
23 state the claims asserted . . . falls short of the liberal and minimal standards set out in Rule
24 8(a)." *Id.* (citation and internal quotation marks omitted); *see also Vega v. JPMorgan Chase*
25 *Bank, N.A.*, 654 F.Supp.2d 1104, 1111 (E.D. Cal. 2009) (holding that the Rule 8 requirement
26 "applies to good claims as well as bad, and is the basis for dismissal independent of Rule
27 12(b)(6)") (citation omitted).

28 Disregarding the amended complaint's minimally untimely filing (one day only) and

- 6 -

1  the absence of a caption, but considering Plaintiff was given an opportunity to amend her
2  complaint and was forewarned that if she failed to comply with the Court's instructions in
3  the Court's July 23, 2013 Order or state a plausible claim, this action would be dismissed.
4  *See* 28 U.S.C. § 1915(e). The Court concludes that dismissal of this action is required as a
5  matter of law. *Id.*

6  Based on the foregoing and on the Court's own motion,

7  **IT IS ORDERED** that Plaintiff's complaint is **DISMISSED** without prejudice for
8  failure to state a claim upon which relief could be granted. The Clerk is kindly directed to
9  terminate this case.

10  **IT IS FURTHER ORDERED** that Plaintiff's Application to Proceed in District
11  Court Without Prepaying Fees or Costs, doc. 2, is **DENIED** as moot.

12  Dated this 15th day of August, 2013.

_____
Lawrence O. Anderson
United States Magistrate Judge